UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LITTELFUSE, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:17-cv-12375-IT |
| | * | |
| MERSEN USA NEWBURYPORT- | * | |
| MA, LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

March 31, 2021

TALWANI, D.J.

Plaintiff Littelfuse, Inc. ("Littelfuse") requests that the court reconsider its <u>Memorandum</u> <u>and Order</u> [#67] construing several disputed terms of U.S. Patent No. 9,564,281 ("the '281 patent") or, in the alternative, requests a "clarification" that the court's claim construction renders certain claims of the '281 patent" invalid. Pl.'s Mot. [#75]. Defendant Mersen USA Newburyport-MA, LLC ("Mersen") opposes the motion. Def.'s Opp'n [#77]. For the following reasons, Plaintiff's <u>Motion</u> [#75] is DENIED.

I.      <u>Reconsideration Is Not Warranted</u>

Littelfuse contends that reconsideration of claim construction decisions, or "rolling claim construction," is warranted, but points to no new understanding of the technology, newly discovered evidence, or change in law. Instead, Littelfuse argues that the court's claim construction was based on a misapprehension of the patent prosecution process. Littelfuse is mistaken.

The term at issue, from claim 1 of the patent, is "a fastening stem that extends from the mounting cuff and into the second cavity of the terminal that receives the conductor." '281 patent col. 7, ll. 39–41. The court found no construction necessary as to the terms "extends" and "into" and proceeded to construe "fastening stem." See Mem. & Order 10 [#67]. The court found that the plain language of the claim suggests that a "fastening stem" is a stem that attaches or joins the other two components of the apparatus; that the discussion of a "fastening stem" in the specifications is consistent with the plain language of the claim and supports Mersen's view that the fuse end cap described in claim 1 is of multi-piece construction; and that Littelfuse's extrinsic evidence as to the meaning of "fasten" was also consistent with the plain language. Id. at 10–16. Littelfuse raises no issue as to these findings.

The court's analysis considered the prosecution history, including Littelfuse's argument that when the examiner rejoined claims 8, 9, 19, and 20, the examiner was expressing his understanding that claims 1 and 10 covered both unitary and multi-piece embodiments. See Mem. & Order 14 [#67]. However, the court found this argument unpersuasive because, after carefully reviewing Littelfuse's briefing and the intrinsic and extrinsic evidence related to the '281 patent, the court found that "the prosecution history does not override the plain meaning of the claims or the specifications, which describe a multi-piece apparatus." Id.; see Phillips v. AWH Corp., 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc) (noting that while the prosecution history can sometimes provide "evidence of how the [Patent Office] and the inventor understood the patent" it "often lacks the clarity of the specification and thus is less useful for claim construction purposes."); see also Chimie v. PPG Indus., Inc., 402 F.3d 1371, 1384 (Fed. Cir. 2005) ("The purpose of consulting the prosecution history in construing a claim is to exclude any interpretation that was disclaimed during prosecution.") (internal quotation omitted).

In seeking reconsideration, Littelfuse still points to no reasoning or rationale expressed by a patent examiner or the patent office that supports Littelfuse's proposed construction of the disputed term. Its insistence that the withdrawn claims were properly, and not erroneously, rejoined because Littelfuse was not prohibited from rejoining the claims is largely inapposite to the question at hand, namely, the meaning of the term "fastening." As before, the prosecution history proffered by Littelfuse does not provide a sufficient basis to override the construction that the court derived from the plain meaning of the claim language, the specifications, and the extrinsic evidence. The motion for reconsideration is therefore DENIED.

II.      "Clarification" Is Not Warranted

Littelfuse states further that "[i]f the Court intends its ruling to mean that . . . claims [8, 9, 19, and 20] are invalid, Littelfuse requests a clarification . . . to that effect so that the infringement question can be promptly disposed of below and the issue directly presented to the Federal Circuit for review." Pl.'s Mot. 14 [#76]. Mersen argues in response that the court has not been presented with a motion seeking to invalidate any claims and therefore the issue is not properly before the court. Def.'s Opp'n 5 [#77]. The court agrees. The question of these dependent claims' validity was only a tangential matter in the context of the court's claim construction ruling. Littelfuse argued that Mersen's proposed construction "would not preserve the validity" of the claims. Pl.'s Mem. 7 [#47] (citing Alcohol Monitoring Sys., Inc. v. Actsoft, Inc., 414 F. App'x 294, 299 (Fed. Cir. 2011)). Mersen responded that Plaintiff's reliance on the nonprecedential decision was misplaced and that the court was not required, as a matter of law, to interpret independent claims to preserve the validity of dependent claims. Def.'s Mem. 17 [#51]. In construing the claim terms as proposed by Mersen, the court did not find Littelfuse's argument persuasive. While the court's construction of a term in Claim 1 may impact the validity of dependent claims, the question of

their validity was not directly before the court. Accordingly, no further "clarification" is warranted at this time.

IT IS SO ORDERED.

Date: March 31, 2021                              /s/ Indira Talwani
                                                          United States District Judge